IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MICHAEL J. LONGS II,<br><br>Plaintiff,<br><br>vs.<br><br>BRADLEY JOHNSON, Lancaster County Jail Director;<br><br>Defendant. | 4:18CV3148<br><br>**MEMORANDUM AND ORDER** |

Plaintiff filed a Complaint on October 30, 2018, when he was incarcerated at the Lancaster County Department of Corrections. (Filing No. 1.) He has been given leave to proceed in forma pauperis.[1] (Filing No. 7.) The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A. For purposes of this initial review, the Complaint includes Plaintiff's supplemental filing (filing no. 8).

## I. SUMMARY OF COMPLAINT

Plaintiff filed this action against Bradley Johnson, the Director of the Lancaster County Jail, alleging the jail classified Plaintiff to "maximum security"

---

[1] Plaintiff filed his Complaint in this matter on October 30, 2018, while he was incarcerated. The court granted him leave to proceed in forma pauperis on November 19, 2018, also while he was incarcerated. On April 12, 2019, the clerk of the court received correspondence from the Lancaster County Department of Corrections indicating Plaintiff was no longer incarcerated there. (*See* Filing No. 16.) As directed by the court (*see* filing no. 17), Plaintiff filed a change of address on April 23, 2019, confirming that he is no longer incarcerated. (*See* Filing No. 18.) At the time Plaintiff updated his address, the court should have required Plaintiff to file a new application for leave to proceed in forma pauperis if he wishes to continue pursuing this case in forma pauperis or, in the alternative, pay the court's $400.00 filing and administrative fees since he is no longer incarcerated. As the court is giving Plaintiff leave to amend his Complaint, the court will also direct Plaintiff to address the matter of his authorization to continue to proceed in forma pauperis in this matter.

and "raised [his] points 7 points for nothing, attempting to oppress [him] and succeeding at it" because Plaintiff was assaulted by another inmate on September 17, 2018, as a result of his reclassification. (Filing No. 1.) Plaintiff also alleges jail mail room staff are opening and tampering with his legal mail. Plaintiff claims "[t]he mail opened directly pertains to this facility, Bradley Johnson and my jewelry being stolen on 9/6/2018 by staff at this facility [and] also my car's key fob." (Filing No. 8 (capitalization and punctuation corrected).) As relief, Plaintiff seeks damages and injunctive relief. (Filing No. 1; Filing No. 8.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a]

pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

## III. DISCUSSION

Liberally construed, Plaintiff alleges violations of his right to be free from cruel and unusual punishment under the Fourteenth Amendment[2] and his right to access the courts under the First Amendment.

"[P]rison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). However, prison officials do not incur constitutional liability for every injury suffered by a prisoner. *Id.* at 834. In order to prevail on an Eighth Amendment failure-to-protect claim, an inmate must make two showings. First, the inmate must demonstrate that he or she is "'incarcerated under conditions posing a substantial risk of serious harm.'" *Jensen v. Clarke*, 73 F.3d 808, 810 (8th Cir. 1996) (quoting *Farmer v.*

---

[2] While not specified in Plaintiff's Complaint, the court is aware from other cases Plaintiff has filed in this court that he was a pretrial detainee at the time of the events alleged in the Complaint. *See, e.g.*, *Longs v. Jacobsens et al.*, No. 4:18CV3120 (D.Neb.) (Filing No. 8, amended § 2241 habeas petition filed Oct. 15, 2018, identifying Plaintiff as a pretrial detainee). Pretrial detainee § 1983 claims are analyzed under the Fourteenth Amendment's Due Process Clause, rather than the Eighth Amendment prohibition of cruel and unusual punishment. *Holden v. Hirner*, 663 F.3d 336, 341 (8th Cir. 2011). However, the distinction "makes little difference as a practical matter" because "[p]retrial detainees are entitled to the same protection under the Fourteenth Amendment as imprisoned convicts receive under the Eighth Amendment." *Kahle v. Leonard*, 477 F.3d 544, 550 (8th Cir. 2007).

*Brennan*, 511 U.S. 825, 834 (1994)). The second requirement concerns the state of mind of the prison official who is being sued. *Id.* It mandates that the inmate show that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." *Id.* (internal quotation omitted). This subjective requirement is necessary because "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment." *Id.* (internal quotation omitted).

With respect to Plaintiff's First Amendment claims, it is true that prisoners retain their First Amendment rights to send and receive mail, but "prison officials have a duty to maintain security within the prison, and this may include reading inmates' incoming and outgoing mail, with the exception of legal mail." *Thongvanh v. Thalacker*, 17 F.3d 256, 258-59 (8th Cir. 1994). Indeed, "[p]rivileged prisoner mail, that is mail to or from an inmate's attorney and identified as such, may not be opened for inspections for contraband except in the presence of the prisoner." *Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997) (quotation and citation omitted); *see also Sallier v. Brooks*, 343 F.3d 868, 877 (6th Cir. 2003) (holding that mail from a court constitutes "legal mail" and cannot be opened outside the presence of a prisoner who has specifically requested otherwise); *Kamau v. Buss*, No. 3:07-CV-372, 2007 WL 2363874, at *2 (N.D. Ind. Aug. 15, 2007) ("The purpose of preventing prisons from opening legal mail outside of the presence of an inmate is to protect the Sixth Amendment right to counsel and the attorney-client privilege by ensuring that prison officials merely inspect for contraband and do not read confidential communications between an inmate and his counsel.").

It is also well established "that prisoners have a constitutional right of access to the courts." *Bounds v. Smith*, 430 U.S. 817, 821 (1977). To prevail on an access to courts claim, a prisoner must establish that he sustained "an actual injury." *Moore v. Plaster*, 266 F.3d 928, 933 (8th Cir. 2001). To demonstrate "actual injury," the prisoner must show "'that a nonfrivolous legal claim had been

frustrated or was being impeded.'" *Id.* (quoting *Johnson v. Missouri*, 142 F.3d 1087, 1089 (8th Cir. 1998)). "[A]n isolated incident, without any evidence of improper motive or resulting interference with [the inmate's] right to counsel or to access to the courts, does not give rise to a constitutional violation." *Gardner*, 109 F.3d at 431 (internal quotation marks omitted).

Here, Plaintiff sues Johnson for the alleged violations of his constitutional rights. However, Plaintiff does not specify in what capacity Johnson is being sued, so the court must assume he is sued in his official capacity. *See Alexander v. Hedback*, 718 F.3d 762, 766 n.4 (8th Cir. 2013) ("'This court has held that, in order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity.'") (quoting *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999)). Liberally construed, Plaintiff's claims against Johnson are claims against Lancaster County. "A suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson, supra*. To state a plausible claim against Lancaster County, Plaintiff must allege that a "policy" or "custom" caused a violation of his constitutional rights.

A county may only be liable under section 1983 if its "policy" or "custom" caused a violation of Plaintiff's constitutional rights. *Doe By and Through Doe v. Washington County*, 150 F.3d 920, 922 (8th Cir. 1998) (citing *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 694 (1978)). An "official policy" involves a deliberate choice to follow a course of action made from among various alternatives by an official who has the final authority to establish governmental policy. *Jane Doe A By and Through Jane Doe B v. Special School Dist. of St. Louis County*, 901 F.2d 642, 645 (8th Cir.1990) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)). To establish the existence of a governmental custom, a plaintiff must prove:

> 1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;
>
> 2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
>
> 3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

*Jane Doe*, 901 F.2d at 646.

Here, Plaintiff does not allege that there is a continuing, widespread, persistent pattern of unconstitutional misconduct by Lancaster County jail employees, or that Lancaster County's policymaking officials were deliberately indifferent to or tacitly authorized any unconstitutional conduct. In addition, Plaintiff does not allege that an unconstitutional custom was the moving force behind the alleged constitutional violations. In other words, Plaintiff has not alleged that Lancaster County has a policy or custom of deliberately subjecting prisoners to harm or deliberately interfering with prisoners' legal mail and right of access to the courts. Accordingly, Plaintiff has failed to allege sufficient facts to "nudge" his claims against Lancaster County across the line from conceivable to plausible.

On the court's own motion, Plaintiff will have 30 days in which to file an amended complaint that sufficiently alleges a claim of deliberate indifference to Plaintiff's safety and an access-to-courts claim against Johnson or other specific individuals in their official or individual capacities. In his amended complaint, Plaintiff should be mindful to clearly explain what each defendant did to him, when each defendant did it, and how the defendant's actions harmed Plaintiff. Plaintiff is advised that any amended complaint he files will supersede his original Complaint.

IT IS THEREFORE ORDERED that:

1.  Plaintiff shall have until **July 26, 2019**, to file an amended complaint that states plausible claims for relief with respect to Plaintiff's deliberate indifference, legal mail, and access-to-courts claims. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

2.  In the event that Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the current Complaint (filing no. 1; filing no. 8) and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims. **Plaintiff is warned that an amended complaint will supersede, not supplement, his Complaint.**

3.  The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e) in the event he files an amended complaint.

4.  In addition, by **July 26, 2019**, Plaintiff must either file a new request for leave to proceed in forma pauperis or pay the court's $400.00 filing and administrative fees. Failure to take either action will result in dismissal of this matter without further notice to Plaintiff.

5.  The clerk of the court is directed to send to Plaintiff the Form AO 240, "Application to Proceed Without Prepayment of Fees and Affidavit."

6.  The clerk of the court is directed to set a pro se case management deadline using the following text: **July 26, 2019**: deadline for amended complaint and new IFP application or pay filing fee.

Dated this 26th day of June, 2019.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge